UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FARIS ABDULMATIYN,

                Plaintiff,                      **MEMORANDUM AND ORDER**

            -against-                        24-CV-7709 (RER) (LB)

U.S. DEPT OF THE MARINE CORP.,

                Defendant.
------------------------------------------------------------x
FARIS ABDULMATIYN,

                Plaintiff,

            -against-                        24-CV-8028 (RER) (LB)

BOARD OF MARINE/NAVAL REVIEW,

                Defendant.
------------------------------------------------------------x

**RAMÓN E. REYES, JR, United States District Judge**:

      Plaintiff Faris Abdulmatiyn brings these *pro se* actions, purportedly under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that he was wrongfully discharged from the military in 1969. His requests to proceed *in forma pauperis* are granted for the purpose of this order. For the reasons discussed below, the actions are dismissed with prejudice.

## BACKGROUND

      The following factual allegations are taken from the two complaints and are assumed to be true for purposes of this Order. (No. 24-CV-7709, ECF No. 1; No. 24-CV-8028, ECF No. 1). Plaintiff began seeing a psychiatrist while he was serving in Vietnam in 1968. (No. 24-CV-7709, ECF No. 1 at 4.) In October 1969, he was "facing a court

1

martial" when a lieutenant at Camp Lejeune advised him to accept an "undesirable discharge first before the court martial or it will be wors[e] if [he went] to the court martial and [was] dishonorably discharged after spending a lot of years in the brig." (*Id.*) The lieutenant also advised him that "Nigro's [sic] rarely get honorable discharges and an undesirable discharge could be upgraded in six months." (*Id.*) "The U.S. Marine Corps denied [Plaintiff's] right to properly defend [himself] against a negative discharge by not affording [him] counsel while [he] was psychologically unfit to make a [decision] without the assistance of counsel." (*Id.* at 3). At the time, he requested the opportunity to speak with his mental health doctor prior to making the decision, but his request was denied. (No. 24-CV-8028, ECF No. 1 at 3-4.)

Plaintiff states: "I am unable to obtain the benefits I need to live on as well as the medical treatment I need because of the restrictions I am under. I have been waiting over four years to receive a response from the respondents." (No. 24-CV-7709, ECF No. 1 at 5). One of his new Complaints requests that "my appeal be heard and decided; or in the alternative that I be given a new hearing to determine if my discharge should or shouldn't be upgraded to an honourable [sic] discharge." (*Id.*) He does not identify the nature of this appeal or provide documentation of any hearings or decisions. Plaintiff's second new action suggests alternative relief: "I want my discharge upgraded to an honourable [sic] discharge or that I be re-[e]nlisted to military service to serve out the remainder of my service time." (No. 24-CV-8028, ECF No. 1 at 5).

Plaintiff previously brought a similar action in this Court under *Bivens* and the Administrative Procedure Act ("APA"), in which he requested to upgrade his Undesirable Discharge to a medical discharge or hardship discharge. These claims were dismissed

for failure to state a claim after defendants moved to dismiss Plaintiff's amended complaint. *See Matiyn v. Dep't of the Navy, Council of Rev. Recs.*, No. 21-CV-2133 (WFK) (LB), 2021 WL 2206613, at *1 (E.D.N.Y. June 1, 2021); *see also* No. 21-CV-2133, ECF No. 34 at 6–7 ("Decision & Order"). As the Court explained in its Decision & Order, "Plaintiff failed to allege how the [denial of Plaintiff's] request to upgrade his [] discharge was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." Decision & Order at 6.

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case filed *in forma pauperis* if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

3

## DISCUSSION

The doctrines of collateral estoppel and *res judicata* "protect parties from having to relitigate identical claims or issues and . . . promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998). "Collateral estoppel bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding." *Id*. *Res judicata* bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999).

These two complaints renew Plaintiff's prior request to intervene in the military decision-making process and change the records of his discharge. Plaintiff's prior action was dismissed with prejudice, on the merits, where Judge Kuntz found that Plaintiff failed to allege how the denial of the upgrade of his discharge was arbitrary and capricious, failed to identify the statutes or regulations that were violated, and, in any event the Court lacked to power to change Plaintiff's discharge. (No. 21-CV-2133, ECF No. 34 at 6-7).

Plaintiff's new complaints are also challenging the military's review process, where he claims that he has waited more than four years for an unidentified appeal. Therefore, this potential claim appears to be the same as a claim that was considered and rejected in the prior lawsuit. Plaintiff had petitioned to upgrade his discharge status and the BCNR denied the request on May 14, 2021. The Court previously denied Plaintiff's APA

challenge to this decision for failure to state a claim because he failed to allege the BCNR's denial was arbitrary, capricious, or contrary to law.

As Plaintiff's new complaints docketed at No. 24-CV-7709 and No. 24-CV-8028 essentially raise the same claims that were raised and dismissed on the merits in No. 21-CV-2133, these two new actions are precluded by *res judicata* and collateral estoppel.

## CONCLUSION

These matters are dismissed under the doctrines of *res judicata* and collateral estoppel. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment in both cases and send a copy of this Order and the judgments to Plaintiff by mail and note the mailing on the docket.

SO ORDERED.

Hon. Ramón E. Reyes, Jr.
Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2024.11.25 12:10:48 -05'00'
_____
RAMÓN E. REYES, JR.
United States District Judge

Dated:  November 25, 2024
        Brooklyn, New York